J-S70038-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
WILLIAM REED, :
:
Appellant : No. 1318 EDA 2014

Appeal from the Judgment of Sentence Entered April 9, 2014,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-SA-0000362-2014

BEFORE: LAZARUS, MUNDY, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED DECEMBER 09, 2014**

William Reed (Appellant) appeals from the judgment of sentence entered after he was found guilty of reckless driving, 75 Pa.C.S. § 3736. We affirm.

Given the manner in which we dispose of this appeal, we need only provide the following brief summary of the matter. On April 9, 2014, following a waiver trial, the trial court convicted Appellant of reckless driving. The court sentenced Appellant the same day. Appellant timely filed a post-sentence motion, which the trial court denied. Appellant timely filed a notice of appeal. On May 9, 2014, the trial court directed Appellant to comply with Pa.R.A.P. 1925(b) within 21 days of the court's order. Appellant untimely filed a 1925(b) statement on June 9, 2014, wherein Appellant stated that he would challenge on appeal the sufficiency of the evidence

_____

* Retired Senior Judge assigned to the Superior Court.

presented at his trial. The following day, the trial court issued a Pa.R.A.P. 1925(b) opinion addressing Appellant's challenge to the sufficiency of the evidence.

On appeal, Appellant claims that the Commonwealth failed to present sufficient evidence to prove that he committed reckless driving. We must pause in order to address whether we can reach the merits of this issue.

Appellant's counsel failed to file timely a Pa.R.A.P. 1925(b) statement on Appellant's behalf.

> [T]his Court has held that failure to timely file a Rule 1925(b) statement is the equivalent of a failure to file said statement. Both failures constitute *per se* ineffective assistance of counsel, which in criminal cases ordinarily requires a remand for the filing of a Rule 1925(b) statement pursuant to Pa.R.A.P. 1925(c)(3). However, this Court held [w]hen counsel has filed an untimely Rule 1925(b) statement and the trial court has addressed those issues we need not remand and may address the merits of the issues presented. …

***Commonwealth v. Fischere***, 70 A.3d 1270, 1275 (Pa. Super. 2013) (citations and quotation marks omitted).

Here, Appellant raised his sufficiency-of-the-evidence issue in his untimely filed 1925(b) statement, and the trial court addressed the issue in its Pa.R.A.P. 1925(b) opinion. Accordingly, we will address the merits of the issue.

> Our standard of review in determining whether the evidence was sufficient

>> requires that we consider the evidence admitted at trial in a light most favorable to the Commonwealth, since it was the verdict winner, and grant it all reasonable inferences

which can be derived therefrom. The evidence, so viewed, will be deemed legally sufficient to sustain the jury's conviction on appeal only if it proves each element of the offense charged beyond a reasonable doubt.

***Commonwealth v. Poland***, 26 A.3d 518, 521 (Pa. Super. 2011) (citation omitted).

With this standard in mind, we reviewed Appellant's brief, the certified record, and the pertinent law and have concluded that the trial court's opinion adequately addresses and properly rejects the issue and argument Appellant presents on appeal. We, therefore, adopt the court's opinion and affirm Appellant's judgment of sentence on the basis of that opinion. Trial Court Opinion, 6/10/2014. The parties shall attach a copy of the trial court's June 10, 2014 opinion to this memorandum in the event of further proceedings.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2014

- 3 -

FILED

JUN 10 2014

Post Trial Unit

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION-CRIMINAL SECTION

COMMONWEALTH OF PENNSYLVANIA :
                                    :
                                    :
                                    :
                                    :
                v.                  :
                                    :
                                    :
                                    :
                                    :
WILLIAM REED

FILED

JUN 10 2014

Criminal Appeals Unit
First Judicial District of PA

CP-51-SA-0000362-2014

CP-51-SA-0000362-2014 Comm. v. Reed, William
Opinion



7160486981

OPINION

On April 9, 2014, the above-named defendant was found guilty of reckless driving by this Court after a waiver trial. Following his conviction, defendant filed a post-sentence motion, which this Court denied on April 21, 2014. Defendant thereafter filed a notice of appeal and a requested Pa.R.A.P. 1925(b) statement.

This matter arises out of an incident that occurred on April 11, 2013, at approximately 1:00 a.m., on which date Philadelphia Police Sergeant Rawls while parked on Haines Street at its intersection with Chew Avenue observed a vehicle being driven by defendant drive at a high rate of speed through a red signal without slowing down. The sergeant immediately began pursuing the vehicle as it careened down Chew Avenue at a speed the sergeant estimated to be well in excess of the speed limit of thirty miles per hour. As he pursued the vehicle, Sergeant Rawls observed it

> swerving back and forth across the road, and sometimes gong over the double solid yellow lines in the middle of the street, and at other times, going to the right and coming in very close proximity to parked cars.

N.T. 4/9/14, 6.

Sergeant Rawls indicated that during the incident, while defendant's vehicle came close to striking the numerous cars parked to the right of his vehicle he did not strike any of them. He further testified that the chase continued for five blocks before he was able to catch up to defendant.

In his 1925(b) statement defendant raises two issues both of which assert that the evidence was insufficient to support the verdict. Although defendant did not articulate with the required specificity why he believes the evidence was insufficient, he appears to be claiming that the evidence failed to establish that defendant acted with the *mens rea* required by case of Commonwealth v. Bullick, 830 A.2d 998 (Pa. Super. 2003).

The standard of review for a sufficiency claim requires that the evidence of record be evaluated "in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." Commonwealth v. Widmer, 744 A.2d 745, 751 (Pa. 2000). Evidence will be deemed sufficient to support the verdict when it established each element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Commonwealth v. Karkaria, 625 A.2d 1167 (Pa. 1993). The Commonwealth need not establish guilt to a mathematical certainty, and may sustain its burden by means of wholly circumstantial evidence. Commonwealth v. Fisher, 813 A.2d 761, 769 (Pa. 2002). A reviewing court may not substitute its judgment for that of the fact finder; if the record contains support for the conviction it may not be disturbed. Commonwealth v. Williams, 854 A.2d 440, 445 (Pa. 2004).

The crime of reckless driving is defined as follows:

§ 3736. Reckless driving

> (a) General rule.—Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving.

75 Pa.C.S.A. § 3736(a).

In Commonwealth v. Bullick, 830 A.2d 998, 1002 (Pa. Super 2003), the Pennsylvania Superior Court determined that:

> "...the *mens rea* necessary to support the offense of reckless driving is a requirement that Appellant drove in such a manner that there existed a substantial risk that injury would result from his driving, i.e., a high probability that a motor vehicle accident would result from driving in that manner, that he was aware of that risk and yet continued to drive in such a manner, in essence, callously disregarding the risk he was creating by his own reckless driving."

Bullick, 830 A.2d at 1002.

Instantly, by driving through a red light at a high rate of speed and then continuing at that high rate of speed down a city street while swerving across the roadway in the direction of parked cars and over the line separating his lane of travel from oncoming traffic for over five city blocks, defendant drove in such a manner that there existed a substantial risk that a vehicle accident would result from his driving. Moreover, by completely ignoring a red signal driving and driving at a high rate of speed while his vehicle swerved across the roadway defendant callously disregarded the risk he was creating by his own driving; therefore, the conviction for Reckless Driving should be affirmed. See Commonwealth v. Fieldler, 931 A.2d 745 (Pa. Super. 2007) (evidence sufficient to sustain conviction for reckless driving where defendant crashed after driving at twenty-five miles over the speed limit around a blind curve).

Accordingly, for the reasons stated, it is suggested that the order of this Court be affirmed.

BY THE COURT,

DATE: 6/10/14

Minehart, J.